I must respectfully dissent from the majority opinion finding that plaintiff suffered a compensable occupational hearing loss. Although the noise study conducted by defendant-employer did reveal that the lawnmower ran at a level of 88-90 decibels, plaintiff testified that he always wore the hearing protection in the form of ear plugs provided by his employer. The spongy ear plugs that plaintiff stated he used while riding the lawn mower reduce noise by 29 decibels. The actual noise level that would reach his inner ear would be 77 to 79 decibels. Thus, his regular and consistent use of hearing protection reduced plaintiff's actual noise exposure to less than 90 decibels. A sound of less than 90 decibels is incapable of producing an occupational loss of hearing. N.C. Gen. Stat. § 97-53(28)(a).
Further, Dr. Hughes testified that it was unlikely that the level of noise plaintiff experienced while driving the lawn mower and while wearing hearing protection would cause his hearing loss in his left ear. Dr. Hughes testimony is speculative as to whether the lawn mower job was capable of producing an occupational hearing loss. While Dr. Hughes found noise induced hearing loss as of 1981, the greater weight of the evidence does not causally relate the noise induced hearing loss to his employment. Therefore the medical evidence of record fails to establish that plaintiff's employment caused him to suffer a loss of hearing.
For the foregoing reasons, I would affirm the decision of the deputy commissioner denying plaintiff's claim for occupational hearing loss.
This the 23rd day of November 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER